IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RALPH D. BRISCOE,**

       **Petitioner,**

**v.**                                    **Civil Action No. 1:08cv197**
                                             **(Judge Keeley)**

**KUMA DEBOO, Warden,**

       **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on August 29, 2008, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia. The Order transferring the case was filed on August 29, 2008, but the case was not received in this Court until November 5, 2008.

In the petition, the petitioner challenges a decision of the United States Parole Commission ("the Commission") to forfeit his street time and the subsequent calculation of his sentence by the Bureau of Prisons ("BOP") based on that decision. As relief, the petitioner seeks his immediate from incarceration.

On December 1, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the respondent was directed to show cause why the petition should not be granted.

On December 29, 2008, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. In the motion, the respondent asserts that the petitioner failed to exhaust his administrative remedies prior to filing suit and that the petition should be denied on the

merits. In support of those claims, the respondent asserts that the Commission properly forfeited the petitioner's street time and that the calculation of the petitioner's sentence is therefore correct.

Because the petitioner is proceeding *pro se*, on January 30, 2009, the Court issued a Roseboro Notice advising the petitioner of his right to file a response to the respondent's motion. The petitioner was granted additional time to respond on March 12, 2009. The petitioner's response was due on or before March 30, 2009. As of the date of this Order, the petitioner has not filed a response to the respondent's motion.

## II. Factual Background

On March 22, 1994, the Superior Court of the District of Columbia sentenced the petitioner to a term of 90 months. Resp't Ex. 1, Att. A.

On August 27, 1999, the petitioner was paroled from that sentence with 1,561 days remaining to be served. *Id.* at Att. B and C. The petitioner was arrested on parole violation charges on June 29, 2004. *Id*. at Att. C. The petitioner's parole was revoked and he received no credit for the time spent on parole. *Id.* The petitioner was re-paroled on December 14, 2004, with 1,369 days remaining to be served. *Id.* at Att. D and E.

The petitioner was arrested again on May 23, 2007, for charges that he violated the terms of his parole. *Id.* at Ex. F. A parole violation hearing was conducted and the petitioner's parole was revoked. *Id.* at Ex. G. The Commission found that none of the time spent on parole would be credited to the petitioner's sentence and he was continued to a presumptive re-parole date of March 12, 2009. *Id.* A review of the Inmate Locator on the Bureau of Prisons' Website confirms that the petitioner was released from custody on March 12, 2009. See www.bop.gov.

## III. Mootness

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, the petitioner challenges the Commission's decision to forfeit his street time and the subsequent calculation of his sentence by the BOP based on that decision. As relief, the petitioner seeks his release from incarceration. However, the petitioner was released from the custody of the BOP on March 12, 2009. Thus, because the petitioner has already been granted the relief sought in the petition -- release from imprisonment -- the Court can no longer grant the petitioner meaningful relief and this case is moot.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 12) be **DENIED**. Instead, the undersigned recommends that the petitioner's § 2241 petition (dckt. 1) be **DISMISSED without prejudice as moot.**

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.

28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 8, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE